IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **TERESA FISHER,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-CV-77 (HL) |
| **CHRIS PRINE, Individually and in his official capacity as Sheriff of Lowndes County, Georgia; LOWNDES COUNTY SHERIFF'S OFFICE; and LOWNDES COUNTY, GEORGIA**, | |
| Defendants. | |

**ORDER**

Before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Complaint. (Doc. 8). Defendants move to dismiss all claims against the Lowndes County Sheriff's Office ("LCSO") and Lowndes County, Georgia ("Lowndes County"). Defendants also move for the dismissal of Plaintiff's claim under 42 U.S.C. § 1983 against Chris Prine ("Prine"), in his official capacity. For the reasons stated below, Defendants' motion is granted in part and denied in part.

**I.     MOTION TO DISMISS STANDARD**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678,

129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible if its factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556.

In ruling on a motion to dismiss, the court must accept "all well-pleaded facts … as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273, n. 1 (11th Cir. 1999). However, this tenet does not apply to legal conclusions in the complaint. Iqbal, 556 U.S. at 679. A court must dismiss the complaint if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Executive 100, Inc. v. Martin County, 992 F.2d 1536, 1539 (11th Cir. 1991) and Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed.2d 939 (1946)). "[C]onclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). The court may not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

## II.    FACTUAL BACKGROUND

As alleged in the Complaint (Doc. 1), Plaintiff Theresa Fisher ("Plaintiff") began working as a deputy sheriff in the LCSO in September 1995. Having risen to the position of corporal within the LCSO's K9 Unit, in February 2009 Plaintiff applied for a sergeant position that had become open in the unit. Despite Plaintiff's superior qualifications, Prine chose to hire a male deputy from outside the LCSO to fill the position. Although Plaintiff was eventually promoted to sergeant, when she applied for a staff sergeant position in the Road Patrol Division in December 2011, she was again passed over for a less-qualified male candidate. When Plaintiff applied for a similar position in June 2012, Prine once more hired a male candidate who was less qualified than Plaintiff based on her training, experience, and education. (Id. at ¶¶12–15).

Plaintiff brought suit in this Court on June 4, 2013, and named Chris Prine, in his individual and official capacities, the LCSO, and Lowndes County, Georgia as defendants. Asserted against all of the Defendants, Count One of the Complaint seeks damages under 42 U.S.C. § 1983 for gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Asserted against all of the Defendants except Prine in his individual capacity, Count Two seeks redress under Title VII of the Civil Rights Act of 1964 ("Title VII"). In her general prayer for relief, Plaintiff also asks

for various forms of equitable relief. (Complaint, ¶¶28–29). Defendants now move, pursuant to Rule 12(b)(6), for the dismissal of all counts except for the § 1983 claim against Prine in his individual capacity and the Title VII claim against Prine in his official capacity.

## III.   LEGAL ANALYSIS

### A.   Claims against the Lowndes County Sheriff's Office

The claims against the LCSO are dismissed because it is not an entity that is capable of being sued. The question of whether a government entity is capable of being sued is determined by the law of the state in which the deciding court is located. Fed. R. Civ. Pro. 17(b)(3). As explained by the Supreme Court of Georgia, state law "recognizes only three classes as legal entities, namely (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 318, 368 S.E.2d 500, 502 (1988) (internal quotation omitted). Because a county sheriff's office does not fall into any of these categories, it is not capable of being sued. See Presnell v. Paulding County, 454 F. App'x 763, 768 (11th Cir. 2011); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006); accord Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit…"). Thus, Defendants' motion to dismiss

is granted with regard to the LCSO, and all of Plaintiff's claims against the sheriff's office are dismissed.

### B. Claims against Lowndes County, Georgia

The motion to dismiss is also granted with respect to Lowndes County. Plaintiff has filed claims against the county under both Title VII and § 1983. Title VII authorizes a cause of action against an employer for sex discrimination. 42 U.S.C. § 2000e-2(a); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). However, the law is well established that in Georgia the sheriff, not the county, employs the sheriff's deputies. See generally Manders v. Lee, 338 F.3d 1304, 1311 (11th Cir. 2003); Teasley v. Freeman, 305 Ga. App. 1, 3–4, 699 S.E.2d 39 (2010). In Georgia, "[s]heriffs alone hire and fire their deputies," for a sheriff's office is an independent entity from the county. Manders, 338 F.3d at 1310–11. Thus, the Title VII claim against Lowndes County must be dismissed.

Plaintiff's § 1983 claim must likewise be dismissed. The Eleventh Circuit has generally "rejected the notion that a Georgia county can be liable under § 1983 for the actions of members of a sheriff's office, finding that, pursuant to the Georgia Constitution, a sheriff's office is independent from the county in which it operates." Townsend v. Coffee Cnty., Ga., 854 F. Supp. 2d 1345, 1350 (S.D. Ga. 2011) (citing Grech v. Clayton County, 335 F.3d 1326, 1332, 1335 (11th Cir. 2003)). Given the strict limitations of municipal liability under § 1983, a

local government entity such as a county will be held responsible only when the county's "official policy" causes a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore, a plaintiff must "identify a municipal policy or custom that caused [her] injury." Grech, 335 F.3d at 1329 (internal citation, quotation, and punctuation omitted).

A plaintiff has "two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." Id. (citations omitted). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs … must show that the county has a custom or practice of permitting it and that the county's custom or practice is 'the moving force [behind] the constitutional violation.'" Id. at 1330 (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). To establish "§ 1983 liability against a municipality based on custom, a plaintiff must establish a widespread practice that, 'although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988)). In addition, a plaintiff "(1) must show that the local

government entity, here the county, has authority and responsibility over the governmental function in issue and (2) must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." <u>Grech</u>, 335 F.3d at 1330 (citations omitted).

The § 1983 claim against Lowndes County fails for two reasons, First, as stated above, Lowndes County was not Plaintiff's employer and therefore did not have power over the "governmental function in issue," namely the failure to promote her. Second, even if it had, Plaintiff's complaint does not offer well-pleaded factual allegations that Lowndes County had an official policy or an unofficial custom endorsing sex discrimination in hiring practices. The following paragraph contains the only mention of "policy" or "custom" in the complaint:

> All of the practices complained of herein were taken under color of state and local law, pursuant to the policy and custom of Lowndes County, Ga. and/or the Lowndes County Sheriff's Office, and/or Defendant Prine, acting in his official capacity as Sheriff of Lowndes County as an agent acting for the other named Defendants.

(Complaint, ¶9). Such a general allegation does not meet the plausibility standard and raise the reasonable expectation that discovery will uncover a Lowndes County policy or custom that permitted or encouraged sex discrimination. The claims against Lowndes County are dismissed.

**C.      Section 1983 claim against Chris Prine in his official capacity**

Sheriff Prine contends that Eleventh Amendment immunity protects him from official-capacity claims under § 1983 brought against him in his role as an employer. The Eleventh Circuit has recently clarified that Eleventh Amendment immunity shields Georgia sheriffs from § 1983 claims for monetary damages arising from the exercise of their "power to hire and fire the deputies" they employ. See Pellitteri v. Prine, 776 F.3d 777, 779 (11th Cir. 2015). Although the § 1983 claim in Pellitteri concerned the alleged wrongful termination of a deputy sheriff, whereas Plaintiff alleges that Prine violated the Constitution by denying her promotion because of her sex, the Court sees no reason the holding and reasoning in Pellitteri do not apply here. The Court concludes that Prine acted as an "arm of the state" when making the personnel decision to not promote Plaintiff and that he has Eleventh Amendment immunity from Plaintiff's § 1983 claim for monetary damages. The motion to dismiss is granted on the § 1983 claim for monetary damages against Prine in his official capacity.

However, as Plaintiff points out, the Eleventh Amendment does not protect a government actor sued in his official capacity from a § 1983 suit seeking prospective injunctive relief. See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1503 (11th Cir. 1995); Morgan v. State of Ala., 5 F. Supp. 2d 1285, 1296 (M.D. Ala. 1998). Defendants base their

argument for dismissing the § 1983 claim on Eleventh Amendment immunity. Thus, to the extent Plaintiff has asked for prospective injunctive relief pursuant to § 1983, without addressing the merits of this request, the Court denies the motion to dismiss.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss (Doc. 8) is granted in part and denied in part. All of the claims against the Lowndes County Sheriff's Office and Lowndes County are dismissed, and they are no longer parties to this lawsuit. The § 1983 claim for monetary damages against Prine in his official capacity is also dismissed. The parties are ordered to continuing pursuing discovery as directed in the Court's Amended Scheduling and Discovery Order (Doc. 21).

**SO ORDERED**, this the 27th day of April, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

scr